Filed 6/23/26  P. v. Norbert CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KISHAWN NORBERT,<br><br>        Defendant and Appellant. | A174366<br><br>(San Francisco City & County Super. Ct. No. CRI14028338) |

Defendant Kishawn Norbert appeals from the trial court's denial of his petition for resentencing under Penal Code[1] section 1172.6.  His appointed counsel has filed a brief raising no issues on appeal and asking us to exercise our discretion to conduct an independent review of the record pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  We have reviewed the supplemental brief filed by defendant, which raises no arguable issue.  We therefore affirm the denial of resentencing.

**FACTUAL AND PROCEDURAL BACKGROUND**

**A. Facts[2]**

On July 7, 2014, at around 3:00 a.m., police responded to a call about a shooting in the area of Brookdale Avenue in San Francisco.  There, the

---

[1]    Further statutory references are to the Penal Code.

[2]    We take the facts from the transcript of the preliminary hearing.

officers found Willie Cain, Jr., dead with gunshot wounds to the chest. Video surveillance footage in the area showed a blue or "dark"-colored Dodge Charger with the license plate number 7FHV540 turning onto Brookdale Avenue between 3:04 and 3:07 a.m., two individuals exiting the vehicle and running towards Cain, and flashes of gunfire.

At around 9:30 a.m. that same day, police responded to another call about gunshots near the corner of Acacia Avenue and Ironwood Way. Officers found Keith Zinn dead on the sidewalk with multiple gunshot wounds. Witnesses identified two Black men as the perpetrators, and video footage showed a dark-colored Dodge in the area after the Zinn murder.

Around the same time that Zinn was shot and killed, Cal Glenn was assaulted and robbed by two Black men outside a laundry business on Third Street in San Francisco. Video surveillance footage showed the suspects assaulting Glenn, and a witness saw one of the suspects enter the passenger side of a black Dodge before it drove off.

Police interviewed an unidentified witness who knew defendant and his brother personally. The witness saw them in the suspect vehicle on the day of the killings. Defendant and his brother were known members of the Kirkwood/BNT gang. Zinn was a member of a rival gang. Police believed Cain's death was gang-related because he was killed in rival gang territory.

On July 7, 2014, a police officer identified defendant and his brother at Mendel Plaza. The officer knew the brothers and decided to conduct a probation and parole search. Defendant's brother was in possession of the keys to a blue Dodge, which was found parked nearby. The license plate number matched that of the Dodge depicted in the video of the Cain shooting.

Fingerprint and DNA analysis linked the brothers to various items recovered from the Dodge. Cell phone evidence revealed that defendant's

2

phone was used to make a call in the vicinity of the Cain shooting at 3:08 a.m., and three calls in the vicinity of the Zinn shooting at 9:34, 9:35, and 9:36 a.m. Ballistics analyses of casings and bullet fragments recovered from the crime scene revealed there were two distinct firearms used in both murders, and that one of the guns was used to shoot both Cain and Zinn.

## B. Procedural History

In October 2014, defendant was charged by felony complaint with murder (§ 187, subd. (a); counts one and two); discharging a firearm at an inhabited dwelling (§ 246, count three); assault with a semiautomatic firearm (§ 245, subd. (b); counts four and five); second degree robbery (§ 211; count six); assault with force likely to cause great bodily injury (§ 245, subd. (a)(4); count seven); permitting another to discharge a firearm from a vehicle (§ 26100, subd. (b); count eight); carrying a concealed firearm (§ 25400, subd. (a)(3); count nine); and participating in a criminal street gang (§ 186.22, subd. (a); count twelve), with gang and firearm enhancements.

A preliminary hearing was held over the course of several days in March and April 2016. The trial court held defendant to answer on all but counts four and five, and an information was filed on May 4, 2016. Defendant pled not guilty.

From 2017 to 2018, there was extensive litigation, including a motion to suppress and a motion to set aside the information under section 995 on various grounds, including the trial court's alleged violation of defendant's due process and confrontation rights in accepting in camera testimony from confidential witnesses without the defense's presence and in sealing such testimony. In opposition, the prosecution argued the in camera hearings were authorized under Evidence Code sections 1040 to 1042, which apply to testimony from confidential informants, and the informants were not

3

material witnesses on the issue of guilt. The trial court denied defendant's section 995 motion.

In the meantime, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (SB 1437) " 'amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448.)

On September 15, 2021—more than two years and nine months after SB 1437 went into effect—defendant accepted an offer to plead guilty to two counts of voluntary manslaughter (§ 192, subd. (a)) and one count of robbery (§ 211) and to admit the allegation of his personal use of a firearm (§ 12022.5, subd. (a)). In November 2021, the trial court sentenced defendant to 25 years in prison.

Defendant did not appeal from the 2021 conviction and sentence.

**C. Senate Bill No. 775 and Resentencing Proceedings**

Effective January 1, 2022, Senate Bill No. 775 (2021–2022 Reg. Sess.) (SB 775) expanded section 1172.6 to apply to individuals not only convicted of felony murder and murder under the natural and probable consequences theory, but to those convicted under "any 'other theory under which malice is imputed to a person based solely on that person's participation in a crime,' " including voluntary manslaughter. (*People v. Antonelli* (2025) 17 Cal.5th 719, 725.)

In July 2022, defendant petitioned for resentencing under the predecessor statute to section 1172.6. (Stats. 2022, ch. 58, § 10.) In his petition, defendant checked boxes indicating, in relevant part, that a

4

complaint, information, or indictment had been filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; that he had pled guilty to murder in lieu of going to trial because he believed he could have been convicted of murder pursuant to the felony murder rule or natural and probable consequences doctrine; that he was not the actual killer and did not act with the intent to kill, aid, or abet the actual killer; and that he was not a major participant or did not act with reckless indifference to human life during the course of the crimes for which he was convicted.[3]

In September 2022, the prosecution conceded that defendant had set forth a prima facie case under section 1172.6 and expressed no objection to the issuance of an order to show cause. The evidentiary hearing was initially scheduled for January 2023 but was continued several times and ultimately heard in September 2025.

In advance of the hearing, defendant filed a supplemental brief arguing he was entitled to resentencing because at the time he agreed to plead guilty to voluntary manslaughter, the constitutionality of SB 1437 was unsettled. Defendant further argued his plea preceded the effective date of SB 775, which clarified that resentencing relief was available to a person who pled guilty to manslaughter in order to forgo the risk of being convicted of murder under a theory of felony murder and the natural and probable consequences doctrine. In opposition, the prosecution argued defendant was categorically

---

[3] Defendant did not check a box indicating he "could not now be convicted of 1st or 2nd degree murder because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019." However, he was later permitted to file an amended petition, nunc pro tunc, that indicated he was "convicted of . . . manslaughter" after accepting a plea offer, and that he could not presently be convicted of murder or attempted murder because of changes to sections 188 and 189, effective January 1, 2019.

ineligible for resentencing under section 1172.6 because he could not have been convicted of murder under an invalidated theory when he accepted the plea in 2021, which was long after the January 1, 2019, effective date of section 1172.6. The prosecution relied on five appellate decisions from 2023 to 2025 unanimously holding that defendants convicted after the January 1, 2019, effective date of SB 1437 were categorically ineligible for resentencing relief under section 1172.6.

The trial court ultimately denied defendant's section 1172.6 petition. Defendant appeals from that denial.

### DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, the defendant is not entitled to independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 or *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) However, if the defendant files a supplemental brief, the appellate court must "evaluate the specific arguments presented in that brief" and "issue a written opinion." (*Id.* at p. 232.)

Defendant's sole argument in his supplemental brief is that the trial court violated his due process and confrontation rights during the 2016 preliminary hearing by permitting "illegal in-camera hearings without the knowledge or presence of [his] then attorney, . . . who profusely objected to this violation of my right to have a fair trial." Defendant asks that we "take into consideration these facts that are in the preliminary hearing transcript." We see no basis for relief.

Case law is clear that a section 1172.6 proceeding is limited in scope to the resentencing issues implicated by SB 1437; it is not an opportunity to challenge and/or appeal all aspects of a conviction. (See *People v. Farfan*

(2021) 71 Cal.App.5th 942, 947 [filing of section 1172.6 petition does not afford petitioner new opportunity to raise claims of trial error or attack sufficiency of evidence].)  The appropriate avenue for defendant's challenge to the trial court's rulings during the 2016 preliminary hearing was a direct appeal from the judgment, which defendant never brought.  (See *People v. Senior* (1995) 33 Cal.App.4th 531, 535, 538 [where issue could have been raised in a prior appeal, it need not be entertained in a subsequent appeal "absent a showing of justification for the delay"].)

Defendant otherwise identifies no error in the trial court's denial of resentencing.  SB 1437, which abrogated the felony murder rule and the natural and probable consequences doctrine as viable theories of imputed malice, had already been in effect for more than two years by the time defendant agreed to the plea deal in 2021.  In concluding defendant was categorically ineligible for resentencing, the trial court relied on several recent appellate decisions holding that section 1172.6 does not apply to persons who were convicted by plea after SB 1437 took effect.  (See *People v. Miller* (2025) 112 Cal.App.5th 508, 511; *People v. Hickman* (2025) 110 Cal.App.5th 1262, 1265; *People v. Gallegos* (2024) 105 Cal.App.5th 434, 443; *People v. Lezama* (2024) 101 Cal.App.5th 583, 590 (*Lezama*); *People v. Reyes* (2023) 97 Cal.App.5th 292, 296.)

In *Lezama*, *supra*, 101 Cal.App.5th 583, the court addressed SB 1437's new requirement that a defendant "could not presently be convicted of murder" (§ 1172.6, subd. (a)(3)), finding it ambiguous because the statute "implies that at one point in time the circumstances were different" but "does not specify the temporal point of contrast." (*Lezama*, at pp. 588–589.)  Based on its review of relevant legislative history materials, *Lezama* concluded resentencing under section 1172.6 was intended for defendants who, "at the

7

time the plea was entered"—as opposed to the time an information charging them with murder was filed—could not have been convicted of murder or attempted murder except under a now invalid theory of imputed malice. (*Lezama*, at p. 590.)  That holding squarely applies here, as defendant could not have been convicted of murder under a theory of imputed malice abrogated by SB 1437 at the time he entered his plea in 2021.  Defendant offers no factual or legal basis for reaching a different outcome here.

Because defendant raises no arguable issue in his supplemental brief, we affirm the trial court's post-conviction order.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

_____

Fujisaki, J.

WE CONCUR:

_____

Tucher, P. J.

_____

Petrou, J.

*People v. Norbert* (A174366)

8